Jason D Haymore (UT-13236)
Dawn W. Emery (UT-10443)
PEARSON BUTLER, PLLC
1802 South Jordan Parkway #200
South Jordan, UT 84095
(t)801-495-4104
JasonH@pearsonbutler.com
dawn@pearsonbutler.com
Attorneys for Plaintiff

UNITED STATES COURT DISTRICT OF UTAH
CENTRAL DIVISION, STATE OF UTAH

| | |
|---|---|
| LYNN ROARK, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>MENZIES AVIATION, Utah Corporation,<br><br>Defendant. | **COMPLAINT AND JURY DEMAND**<br><br><br>Case No.: 1:20-cv-00097-CMR<br><br>Magistrate Judge: Cecilia M. Romero |

Plaintiff Lynn Roark ("Plaintiff" or "Mr. Roark"), by and through counsel, hereby submits this Complaint and Jury Demand and complains against Defendant Menzies Aviation, ("Defendant") as follows:

## INTRODUCTION

1. This is a proceeding to redress violations, by Defendant Menzies Aviation, of the Family Medical Leave Act ("FMLA").

## PARTIES8

2. Mr. Roark is an individual who at all times relevant herein, was and is a resident of Davis County, Utah.

3. Defendant is a Global corporation that operates an office in Salt Lake County, Utah.

4. Defendant employs more than fifty (50) employees and is an employer within the meaning of the FMLA.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is proper in this Court pursuant to 29 U.S. Code Chapter 28, in that this action arises under federal law, specifically, the FMLA.

6. The unlawful employment discrimination giving rise to Plaintiff's claims were committed within the jurisdiction of this court. Therefore, venue is proper under 28 U.S. Code § 1391.

## FACTS

7. Plaintiff began working for Menzies Aviation on or around February 19, 2007.

8. Menzies Aviation employs more than 50 people in its Salt Lake City, Utah office.

9. Plaintiff worked within a 75-mile radius of 50 or more employees of Menzies Aviation.

10. Plaintiff was an aircraft fueling agent.

11. Over the last twelve years, Plaintiff has been an exemplary employee, receiving multiple promotions.

12. Plaintiff worked for defendant for at least twelve months before he requested FMLA leave.

13. Plaintiff worked a minimum of 1,250 hours during the 12 months prior to requesting leave.

14. In December of 2018, Plaintiff was diagnosed with bladder cancer.

15. Plaintiff then informed his General Manager, Lucas Zinai, of his bladder cancer diagnosis

16. Plaintiff's diagnosis of bladder cancer qualifies as a serious health condition under 29 U.S. Code § 2611(11).

17. Due to plaintiff's bladder cancer, and his need for surgery, plaintiff needed FMLA because he would be receiving continuing treatment by a health care provider and would be unable to work.

18. Plaintiff informed Lucas Zinai, General Manager, of his diagnosis on December 8, 2018.

19. As a result of his bladder cancer, Plaintiff had surgery that same month in 2018.

20. Plaintiff was given FMLA to have this bladder cancer surgery in 2018.

21. On January 16, 2019, Plaintiff applied for FMLA because he needed another surgery related to his bladder cancer, that was scheduled for February 2019.

22. Anticipating this surgery, Plaintiff again requested FMLA to accommodate his upcoming surgery.

23. On the very same day he submitted for FMLA leave, Plaintiff was given notice that he would be terminated.

24. Menzies Aviation, unfairly terminated Plaintiff in an attempt to avoid accommodating his request for FMLA leave to have bladder cancer surgery.

25. Menzies Aviation unfairly interfered with Plaintiff's right to FMLA leave to have scheduled bladder cancer surgery, by terminating him on the same day he requested leave.

26. Plaintiff's last day of employment was on January 29, 2019.

27. Termination left him without insurance, or a way to get insurance, and is still paying out of pocket for his surgery almost two years later.

**FIRST CAUSE OF ACTION**
(Violation of the Family Medical Leave Act -Interference with Exercise of Family Medical Leave Rights)

28. Plaintiff incorporates the allegations of the above paragraphs herein.

29. The FMLA provides that an employer must provide an eligible employee with up to 12 weeks of leave to recuperate from a serious illness. The FMLA also requires the employer

to guarantee the eligible employee the same or comparable position upon the termination of the leave. Plaintiff is an eligible employee under the FMLA.

30. Defendants interfered with Plaintiff's rights under FMLA by terminating Plaintiff on the same day he requested FMLA leave.

31. As a result, Plaintiff was required to pay for the costs of surgery out of pocket.

32. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount equal to 12 weeks of wages or salary under 29 U.S.C. § 2617(a)(1)(A)(i). Plaintiff is also entitled to liquidated damages under 29 U.S.C. §2617(a)(1)(A)(iii) as Defendants did not act in good faith and had no reasonable grounds for believing there were not violating the FMLA. Plaintiff is entitled to appropriate equitable relief.

33. Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(1)(A)(3).

## SECOND CAUSE OF ACTION

(Violation of the Family Medical Leave Act - Retaliation)

34. Plaintiff incorporates the allegations of the above paragraphs herein.

35. The FMLA also makes it unlawful for an employer to discriminate against or retaliate against an employee who exercises his right to family medical leave. 29 U.S.C. § 2615(a)(1). "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(2). FMLA also prohibits an employer from discharging any employee who exercises his right to FMLA coverage. 29 U.S.C. § 2615 (a)(2).

36. Defendants retaliated against Plaintiff because he exercised his rights under FMLA by terminating Plaintiff on the same day he requested FMLA leave to have bladder cancer surgery.

37. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount equal to 12 weeks of wages or salary under 29 U.S.C. § 2617(a)(1)(A)(i).

Plaintiff is also entitled to liquidated damages under 29 U.S.C. §2617(a)(1)(A)(iii) as Defendants did not act in good faith and had no reasonable grounds for believing there were not violating the FMLA. Plaintiff is entitled to appropriate equitable relief, including reinstatement of his employment with Menzies Aviation.

38. Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(1)(A)(3).

### THIRD CAUSE OF ACTION
(Breach of Covenant of Good Faith and Fair Dealing)

39. Plaintiff incorporates the allegations of the above paragraphs herein.

40. As a result of the employment relationship which existed between Plaintiff and Defendants, the express and implied promises made in connection with that relationship, and the acts, conduct, and communications resulting in the implied promises, Defendant promised to act in good faith toward and deal fairly with Plaintiff. That promise required Defendant to:

  a. Act with good faith toward Plaintiff concerning all matters related to the employment;

  b. Act with fairness toward Plaintiff concerning all matters related to employment;

  c. Refrain from taking any action to unfairly prevent Plaintiff from obtaining the benefits of the employment relationship,

  d. Comply with its own representations concerning compensation and/or bonus payments;

  e. Refrain from terminating employee in order to deprive him of the benefits of the agreement between he and Defendant, and

  f. Give Plaintiff's interests as much consideration as it gave its own interests.

41. Defendants' conduct towards Plaintiff was wrongful, in bad faith, and unfair, and unfairly interfered with Plaintiff's right to FMLA leave to had bladder cancer surgery, and therefore is in violation of the Plaintiff's legal rights.

42. Defendants' breach of the implied covenant of good faith and fair dealing was a substantial factor in causing damage and injury to Plaintiff; and, as a result of the unlawful conduct alleged in this complaint, Plaintiff has lost substantial employment benefits with Defendants including loss of reputation, lost wages, and other benefits to be proven at trial.

### *PRAYER FOR RELIEF*

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. For back wages, payout for vacation, and sick time,

2. For costs related to medical bills for surgery in February 2019.

3. For pre and post-judgment interest,

4. For Plaintiff's attorney's fees pursuant to 29 U.S.C. 2617(a)(1)(A)(3).

5. For interest on the forgoing, costs of court,

6. for such equitable relief as may be appropriate, including employment, and reinstatement.

### **JURY TRIAL REQUESTED**

DATED this 4th day of August, 2020.

                                                   /s/ Jason D. Haymore
                                                 Jason D. Haymore
                                                 Attorney for Plaintiff